STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ENDORSED
FILED IN MY OFFICE THIS

FEB 16 2010

Juanita M. Duran
CLERK DISTRICT COURT

RICHARD E. LUCERO,

Plaintiff,

vs.

CASE NO. CV 2010 02258

ALLIED INTERSTATE, INC.

Defendants.

## COMPLAINT FOR VIOLATION OF THE NEW MEXICO COLLECTION AGENCY REGULATORY ACT, THE FAIR DEBT COLLECTION PRACTICES ACT, AND THE UNFAIR PRACTICES ACT

COMES NOW, Plaintiff, Richard E. Lucero, by and through the undersigned counsel, and files this Complaint against Defendant, Allied Interstate, Inc., and in support states the following:

### I. INTRODUCTION AND PARTIES

1. This is an action for declaratory relief, actual and statutory damages brought by Plaintiff, Richard E. Lucero, an individual, against Defendant, Allied Interstate, Inc.

2. Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; the New Mexico Collection Agency Regulatory Act, NMSA 1978, § 61-18A-1 *et seq.* ("Collection Agency Act"), which prohibits unlawful conduct by collection agencies operating in New Mexico; the Unfair Practices Act, NMSA 1978, § 57-12-1 *et seq.* ("UPA") which provides protection against unfair practices against consumers in New Mexico.

3. Plaintiff, Richard E. Lucero ("Lucero") is a natural person residing in Albuquerque, New Mexico. Plaintiff is an individual "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA and a "debtor" under Section 61-18A-2H of the Collection Agency Act.

4. Upon information and belief, Defendant, Allied Interstate, Inc. is an out-of-state corporation engaged in the business of collecting debt in New Mexico with its principal place of



business located outside of the state. The principal purpose of Defendant is the collection of debts in this state.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Allied Interstate, Inc., regularly attempts to collects debts alleged to be due another. Defendant is a "debt collector" as defined by FDCPA, 15 U.S.C. §1692a(6) and a "collection agency" and "debt collector" under NMSA 1978, §§ 61-18A-2C and 2G.

## II. JURISDICTION

6. Jurisdiction is proper before this court since Plaintiff is a resident of Albuquerque, New Mexico and Bernalillo County.

7. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue in this District is proper in that the conduct complained of occurred in Albuquerque, New Mexico.

## III. FACTUAL ALLEGATIONS

9. By correspondence on the letterhead of Allied Interstate, Inc., dated July 28, 2009, Defendant mailed a collection letter to Plaintiff's home address demanding payment of debt. See Exhibit A attached hereto.

10. Exhibit A was received by Lucero at his residence in Albuquerque, NM.

11. The alleged debt claimed in Exhibit A was incurred for personal, family, or household service.

12. The collection letter, reads in part:

"QWEST has placed your account with Allied Interstate to recover the above referenced Amount Due. To avoid further collection efforts, please contact us at the number listed below to make arrangements for payment or remit the balance of the Amount Due to the address provided on the remittance coupon below"

On behalf of our client, QWEST we may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report on or after 40 days from the date of this letter. However, if the above-referenced Amount Due is paid within 40 days from the date of this letter we will not report this debt.

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or writing within 30 days after receiving this notice, we will provide you with the name and address of the

2

original creditor, if different from the current creditor.

Please contact our office at the telephone number listed below should you initiate a payment via the telephone. Please have this letter available when you call.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. If your financial institution rejects or returns your payment for any reason, a service fee, the maximum permitted by applicable law, may be added to your Amount Due.

You may initiate a credit card payment ....."

See. Ex. A

13. The collection account is captioned as follows in Exhibit A:

```
Allied Interstate Acct. #:   15491439
Current Creditor Acct. #:    5052945075455U
Amount Due:                  $402.19
```

14. Defendant is licensed as a collection agency with the State of New Mexico through the Regulatory and Licensing Department ("MNRLD"). See Licensee Details Page attached hereto as Exhibit B [Last accessed February 15, 2010, http://rld.state.nm.us/mylicenseverification].

15. According to NMRLD, Defendant obtained Ms. Ann L Scheibner ("Scheibner") of Albuquerque, New Mexico as its license manager within the state.

16. Upon information and belief, Defendant does not maintain a *bona fide* business office within the state.

17. Further, upon information and belief, no records of Defendant's collection activities are maintained within the state.

## IV. CLAIM FOR RELIEF

18. Plaintiff reincorporates and realleges the foregoing paragraphs as though restated in full herein.

3

## COUNT 1
## VIOLATION OF THE NEW MEXICO COLLECTION AGENCY ACT N.M.S.A. 1978 §§ 61-18A-ET SEQ.

19. Persons or entities engaging in the business of debt collection in New Mexico are regulated by the Collection Agency Regulatory Act, New Mexico Statutes Annotated 1978, Chapter 61, Art. 18A, Sections 1-32 ("Collection Agency Act" or "the Act").

20. The Collection Agency Act requires that collection agencies, collection agency, managers, and persons engaged in the business of collecting claims for others must apply for an obtain licenses required by the Act. NMSA 1978, § 61-18A-5A.

21. The Act also required that a collection agency hire a "licensed manager" within the state and that such manager "*be actively in charge of the collection agency for which the licensee is sought.*" (emphasis added) NMSA 1978, § 61-18A-8.

22. In regard to foreign corporations, the Act states *inter alia*:

"No collection agency license shall be issued to any foreign corporation or partnership unless it has fully complied with the laws of the State of New Mexico so as to entitle it to do business within the state, and provided further that such foreign corporation or partnership *shall establish and maintain a full time bona fide collection agency in this state at all times during the life of any license issued to it. All records of such local agency must be maintained at the principal office in New Mexico* of such agency." (emphasis added) NMSA 1978, § 61-18A-14.

23. Ann Scheibner is listed as the licensed manager for Defendant by the New Mexico Regulation and Licensing Department.

24. Further, upon information and belief, Defendant does not maintain the records of its local collection activities, and specifically in regard to Plaintiff, within in the State.

25. Upon information and belief, Scheibner is not "actively in charge" of Defendant's collection activities within the State.

26. Therefore, Defendant acted unlawfully and in violation of the Collection Agency Act, by committing, among other violations, the following:

(a) Defendant violated NMSA 1978, § 61-18A-14 which specifically requires that a foreign collection agency

4

      i. "[E]stablish and maintain a full time bona fide collection agency in this state at all times during the life of any license issued to it"; and,

      ii. That "[a]ll records of such local collection agency must be maintained at the principal office in New Mexico of such agency."

(b) Defendant violated a NMSA, § 61-18A-8 which requires that the "licensed manager" within the state "be actively in charge of the collection agency for which the license is sought."

27. Defendant's unlawful acts warrants available remedies under the New Mexico state law under Federal law including the Fair Debt Collection Practices Act (see Court 2 *infra*).

28. As a result of the foregoing violations of the Collection Agency Regulatory Act, Defendant is liable to Plaintiff for declaratory judgment, damages, costs, attorney's fees and interest thereon.

## COUNT 2
## UNLAWFUL COLLECTION OF DEBT
## IN VIOLATION OF FDCPA 15 U.S.C. §§ 1962E AND 1962F

29. The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

30. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) of the FDCPA.

31. On August 21, 2009, Mr. Lucero requested verification of debt.

32. Defendant has failed to verify debt pursuant to FDCPA. On January 22, 2010, Mr. Lucero called Allied Interstate to request information on his account. Allied Interstate informed Mr. Lucero that the collection account was still active.

33. Pursuant to §1692(g), Defendant violated the FDCPA by failing to provide verification and by keeping the account active and open.

## COUNT 3

## VIOLATION OF THE NEW MEXICO UNFAIR PRACTICES ACT

34. The New Mexico Unfair Practice Act, NMSA 1978, § 57-12-1 *et seq.* ("UPA") provides, *inter alia*, remedies for consumers aggrieved by the unlawful or unfair conduct of businesses and corporations.

35. Section 57-12-2D of the UPA defines "unfair or deceptive trade practice" as:

5

"[A]ny false or misleading oral or written statement, visual description or other representation of any kind knowingly made...in the collection debts by any person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person..." Including:

(14) using exaggeration, innuendo or ambiguity as to a material fact or failing to stat a material fact if doing so deceives or tends to deceive...

(15) Stating that a transaction involves rights, remedies or obligations that it does not involve."

36. Defendant is a "person" as defined by NMSA 1978, §57-12-2A.

37. Defendant's contact with Plaintiff occurred in the regular course of its trade or commerce.

38. Defendant unlawfully and in violation of the UPA, NMSA 1978, §57-12-2D generally and specifically in violation of §§ 57-12-2D (14) and (15).

39. Therefore, Plaintiff is entitled to injunctive relief pursuant to NMSA 1978, §57-12-10A. Plaintiff is also entitled to recovery statutory damages, trebled, for Defendant's willing engagement in unfair and/or deceptive trade practices, plus attorneys' fees and costs pursuant to NMSA 1978, §57-12-10B and C.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RICHARD E. LUCERO, prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, ALLIED INTERSTASTE, INC., and grant the following relief:

**ON COUNT I (Violation of NMCARA)**

- A. Declaratory Judgment that Defendant's conduct violated the New Mexico Collection Agency Regulatory Act;
- B. Judgment for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- C. Statutory damages pursuant to 15 U.S.C. § 1692k;
- D. Costs and reasonable attorney's fee pursuant to 15 U.S.C. §§ 1692k.

**ON COUNT II (Violation of FDCPA)**

- E. Declaratory Judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;
- F. Judgment for statutory damages;
- G. Statutory damages pursuant to 15 U.S.C. § 1692k;

6

H. Costs and reasonable attorney's fee pursuant to 15 U.S.C. §§ 1692k.

## ON COUNT III (Unfair Practices Act)

K. Permanent injunctive relief pursuant to NMSA 1978, §57-12-10A;

L. Judgment against Defendant for statutory damages, trebled, under NMSA 1978, §57-12-10B;

M. Costs and reasonable attorney's fees;

N. Interest thereon where available at the maximum rate and for the maximum duration allowed by law; and,

## ON ALL COUNTS:

O. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

ALFRED M. SANCHEZ
Attorney for Plaintiff
301 Gold Ave. SW, Ste. 202
Albuquerque, NM 87102
Tel. (505) 242-1979

7

Undeliverable Mail Only:

P.O. Box 1954
Southgate, MI 481950954

**AlliedInterstate, Inc.**

3000 Corporate Exchange Drive  Columbus, OH 43231
Toll Free: 877-754-7388
Mon-Fri 8AM-9PM Sat 8AM-12PM

Allied Interstate Acct. #: 15491439
Current Creditor Acct. #: 5052945075455U
Amount Due:             $402.19

MES/15491439/0506   004248791800   0006537/0038

Richard E Lucero
10805 Cordova Ave NE
Albuquerque, NM 87112-1610

Date: July 28, 2009

Dear Richard E Lucero:

QWEST has placed your account with Allied Interstate to recover the above referenced Amount Due. To avoid further collection efforts, please contact us at the number listed below to make arrangements for payment or remit the balance of the Amount Due to the address provided on the remittance coupon below.

On behalf of our client, QWEST we may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report on or after 40 days from the date of this letter. However, if the above-referenced Amount Due is paid within 40 days from the date of this letter we will not report this debt.

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Please contact our office at the telephone number listed below should you wish to initiate a payment via the telephone. Please have this letter available when you call.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. If your financial institution rejects or returns your payment for any reason, a service fee, the maximum permitted by applicable law, may be added to your Amount Due.

You may initiate a credit card payment via the telephone as outlined above or you may also pay by VISA or Mastercard by filling in the information on the reverse side of this coupon.

Allied Interstate, Inc.
877-754-7388

Notice: SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION

[Detach and return with payment]

*1-22-2010*
*Account Still Active*

0506

Allied Interstate Account No.: 15491439
Creditor Account No.:         5052945075455U
Amount Due:                   $402.19

Payment Enclosed: $_____

EXHIBIT "A"

Payment and Correspondence Address:

MES/15491439
Allied Interstate Inc.
P.O. Box 361598
Columbus, OH 43236-1598

## Licensee Details

### Demographic Information

| Title: | First: | Middle: | Last: | Suffix: |
|---|---|---|---|---|
| Name: Allied Interstate, Inc. | | Owner: ANN L. SCHEIBNER | | |
| Home State: | | | | |

### Address Information

| City: Albuquerque | State: NM | Zip: 87102 |
|---|---|---|

### License Information

| DBA: | | | | | | | |
|---|---|---|---|---|---|---|---|
| Lic #: 00416 | Profession: Financial Institutions | Type: Collection Agency | Secondary: | |
| Status: Active | Issued: 2/10/1998 | Expiry: 6/30/2010 | Effective: 2/10/1998 |
| Reason: License Renewal | Date: 7/22/2003 | Renewed: 6/9/2009 | Deg. Suff: |
| Method: Application | State: | Country: | LOA Issue: |
| Appealed: | Result: | Effective: | LOA Expiry: |

### Prerequisite Information

No Prerequisite Information

### Education Information

No Education Information

### Employment Information

| Profession: Financial Institutions | Employer: Ann L. Scheibner | Position Name: MANAGER | Start Date: |
|---|---|---|---|
| End Date: | Credits: | Credit Unit: | Credit Type: |
| Approved: | Credit Date: | Primary Employer: | Number of Hours: |
| Diversion Flag: | Part-time: | Comments: | |
| Remarks: | | | |

### Specialty Information

No Specialty Information

### Violation Information

No Violation Information

### Discipline Information

No Discipline Information

### Limits/Restriction Information

EXHIBIT "B"

164.64.87.25/.../Details.aspx?agency_i...     1/2

No Limits/Restriction Information

## License Bond Information

| Bond Company: | WESTCHESTER FIRE INSURANCE COMPANY | Bond Number: K07203974 | Bond Type: | SURETY | Bond Continuous Ind: | Yes |
| Bond Amount: | 25000.00 | Bond Issue Date: | 12/24/2004 | Bond Cash Deposit Date: | | Bond Cash Release Date: |
| Bond Termination Date: | | Bond Expiration Date: | | Coverage Type: Bond | | |

## License CSR Information

No License CSR Information

## Respondent License Information

No Respondent License Information

## CheckList Information

No CheckList Information

## Related Documents

No Related Documents

# Alfred M. Sanchez

— Attorney at Law —

August 21, 2009

**VIA CERTIFIED MAIL**

Allied Interstate, Inc.
3000 Corporate Exchange Drive
Columbus, OH 43231

    RE:    RICHARD E. LUCERO
            Account #: 15491439
            Original Creditor: Qwest

Dear Allied Interstate:

    In regard to your letter dated July 28, 2009 (copy enclosed), please be advised that I have been retained by Richard Lucero in connection with the alleged debt captioned above. This letter serves as a formal dispute of the debt and a demand for verification pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. Please provide the following information regarding the debt, in writing, to my office:

1. name and address of the original creditor;
2. the nature and balance of the debt;
3. an itemization of the amount of the debt detailing the amounts attributed to "principal," "interest," "fees," and/or "costs";
4. a statement by the original creditor that the debt has not been paid;
5. verification of the date(s) when the debt was incurred;
6. proof that the statute of limitation has not expired on the debt; and
7. copies of all documents regarding the debt.

    You are hereby notified that any and all correspondence regarding this matter should be addressed to me at Law Offices of Alfred M. Sanchez, 301 Gold Ave. SW, Suite 202, Albuquerque, NM 87102, and that you are required to cease communication with my client immediately upon receipt of this letter.

                                                Sincerely yours,

                                               ALFRED M. SANCHEZ

AMS:bs

Enclosure

                                                               EXHIBIT C